IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAMON WESLEY WHITEHEAD,
    Plaintiff,

vs.                                      Case No. 5:08cv13/RS/EMT

WARDEN JOSEPH PONTE et al.,
    Defendants.
_____/

### ORDER, REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 and motion to proceed in forma pauperis (Docs. 1, 8).  Good cause having been shown, leave to proceed in forma pauperis will be granted.  Upon review of the complaint, the court concludes that dismissal of this case is warranted.

        Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its

face. *See* Bell Atl. Corp. v. Twombly, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). Upon review of the complaint, the court concludes that Plaintiff's claims are frivolous.

Plaintiff was an inmate at the Bay County Jail ("Jail") at the time he initiated this action (*see* Doc. 1 at 2). He has recently been released to the "Life Management Center" in Panama City, Florida (*see* Doc. 6). His complaint names the following four Defendants: Warden Joseph Ponte, Correctional Officer Farris, Correctional Officer Price, and Doctor Ron Lippman (Doc. 1 at 1). Plaintiff states he has been on very strong medication, which causes him to black out for up to eighteen (18) hours a day and sleep without being able to wake up or feel anything (*id*. at 3). Plaintiff asserts Defendant Price was working in October of 2007 when "someone" allowed "someone" in his cell while he was asleep, and the person ripped his socks and put them back on his feet, stretched and ripped his clothes, and saturated his rectum with lotion (*id*.). Also, he awoke with the taste of feces, vomit and blood in his mouth, "like a drunk bunch of girls put it on my tounge [sic] and rubbed it on my nostrils" (*id*.). He also tasted burning chemicals and smelled marijuana (*id*.). Plaintiff states he tied his teeth together with strings and woke to find the strings missing from his mouth (*id*.). Plaintiff states the incident was investigated, and the Sheriff was called to the Jail, but nothing was done (*id.*).

Plaintiff additionally claims that on December 13, 2007, Defendant Farris allowed "someone" into his cell to assault him while he was asleep (Doc. 1 at 2–4). Plaintiff states that when he awoke that morning, he was experiencing rectal pain and observed semen, lotion, and blood after using the restroom (*id*.). He states that dried paper and food that he had used to seal his cell door was broken, and a braided string he used to tie his jumpsuit together was broken (*id*. at 2). He states he showed Warden Ponte evidence of the semen, lotion, and blood, and Warden Ponte ordered him to dispose of it (*id*. at 3). Plaintiff then informed several members of the medical staff and several officers, but they refused to provide a medical examination or a meeting with the Sheriff (*id*.). Plaintiff states that he complained until December 25, when Defendant Farris "shook [him] down" and found toilet paper with the "substances" on it (*id.* at 3). Plaintiff told Defendant Farris that it

was from being raped, but Farris became angry and told Plaintiff he never allowed anyone into Plaintiff's cell (*id.*). Defendant Farris began writing a statement regarding the incident, but then stopped and told Plaintiff he was directed to dispose of the toilet paper (*id.*). Plaintiff states he heard Defendant Farris and other officers laughing with other inmates, after an inmate said he raped Plaintiff while he was asleep (*id.* at 4, 5). Plaintiff states that the same week, someone wrote "not yours" on his shirt and spilled Kool Aid on the floor (*id.* at 5). He attributes this to "mind games" being played against him by prison guards who are influenced by the mafia (*id.* at 3, 5). He states the mafia uses cell phones to find him and follow him and his family (*id.*).

Plaintiff alleges he told "the doctor," presumably, Doctor Lippman, that while he was in prison and "high" on pills, someone stuck needles in his heart and shot small amounts of liquid into his heart (Doc. 1 at 4). Plaintiff states that two EKG's were performed, but the medical staff said the results were okay (*id.*). Plaintiff also told the doctor that someone beat him in the head with a bat, but the doctor told him to wait until he was released to get a CATSCAN (*id.*). Plaintiff told the doctor that he was being randomly drugged with cyanide that would "resurface" in his system and cause him to "drop" (*id.*). The doctor responded that a large amount of cyanide would kill him, but small amounts of cyanide would just make him sick, and he would be fine (*id.*). Plaintiff states he is very nervous and shaky and has not been able to get anything to help his nerves (*id.* at 3). He states he was given Elavil, which seemed to help, but then was taken off of it and prescribed something that "knocked [him] out" (*id.* at 3–4). Plaintiff was referred to doctors at the Life Management Center, who prescribed an anti-seizure medication (*id.* at 4).

Finally, as additional evidence of the "mind games" that are being played on him, Plaintiff alleges that papers and letters which he kept in his locker were re-written with lines missing and words misspelled (Doc. 1 at 5).

Plaintiff seeks to hold Defendants liable for the alleged assaults, refusal to provide medical treatment, and taunting through "mind games," such as tampering with his letters, writing on his clothing, and spilling Kool Aid (Doc. 1 at 5). As relief, Plaintiff seeks one million dollars for physical and mental damages, and that "proper legal actions" be taken against Jail staff and the Corrections Corporation of America, the operator of the Jail (*id.* at 6).

Plaintiff's assertions that officers allow other inmates to enter his cell and assault him while he is asleep falls into the very narrow category of allegations that are wholly incredible.  At least one circuit court has addressed a claim resembling that presented here, and found it to be factually frivolous.  As explained by the Seventh Circuit in Gladney v. Pendleton Correctional Facility, 302 F.3d 773, 774 (7th Cir. 2002):

> The complaint alleges on numerous occasions over a span of three years unnamed guards at three different prisons unlocked the door to the plaintiff's cell while he was asleep, allowing inmates to come in and drug and sexually assault him.  He slept through all these outrages and only discovered what had happened when one day he noticed a needle mark under his lip.  When he visited the prison infirmary to have the mark attended to, the medical personnel claimed not to see the mark because they were trying to make him think that he was delusional.  These are copycat allegations from Denton v. Hernandez, 504 U.S. 25, 27-28, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992),[1] and are obviously and knowingly false.

(footnote added); *see also* Gibbs v. Goord, No. 1:02cv04556-RMB-GWG, 2003 WL 22052313, at *7 (S.D. N.Y. Sept. 4, 2003) (magistrate judge's Report and Recommendation rejecting similar claim as frivolous, stating "[t]he assertion that an act of such a violent nature could occur while the victim—not under the influence of any drug or alcohol—slept is on its face absurd.") (adopted by district court Nov. 26, 2003); Bilal v. Driver, 251 F.3d 1346, 1350 (11th Cir. 2001) (dismissing as factually frivolous claim that prison official forced plaintiff to wear "bomb belt" containing 50,000 volts of electrical shock 1000 times in 19 days).  Despite the fact that Plaintiff states he was on medication that essentially rendered him unconscious during some portion of his incarceration, his allegations that he was sexually assaulted in his sleep, injected with liquid through needles in his heart, beaten in the head with a bat, poisoned with cyanide, monitored by mafia prison guards, and taunted by persons who re-wrote his letters, wrote on his clothing, and spilled Kool Aid on the floor, are equally fantastic which render his complaint factually frivolous.

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 8) is **GRANTED**.

---

[1] In Denton v. Hernandez, an inmate alleged that he was drugged and homosexually raped a total of 28 times by inmates and prison officials at various institutions.  With few exceptions, the alleged perpetrators were not identified, because the inmate did not claim any direct recollection of the incidents.  Rather, he asserted that he found needle marks on different parts of his body, and fecal and semen stains on his clothes, which led him to believe that he had been drugged and raped while he slept.  504 U.S. at 27–28.

And it is respectfully **RECOMMENDED**:

1. That this cause be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i);

2. That all pending motions be **DENIED** as moot; and

3. That the clerk be directed to close the file

At Pensacola, Florida this 30th day of January 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988)**.